Case 1:18-cv-00202 Document 8 Filed on 01/13/19 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERNESTO BENAVIDES, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-18-cv-202 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of: Ernesto Benavides Junior's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Benavides's "Petition" or "Second Petition"); his "Memorandum in Support;" and his "Motion Requesting Leave to Proceed In Forma Pauperis." Dkt. Nos. 1-3. For the reasons provided below, it is recommended that the Court **DISMISS** Benavides's Petition as a successive petition.[1] Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Discussion

Benavides's instant Petition is the second § 2254 petition he has filed in this Division. He filed his first § 2254 petition (hereinafter, "First Petition") in September of 2015. *See Benavides v. Davis*, Civil Action No. 1:15-181, 2016 WL 8671864, at *2 (S.D. Tex. Aug. 5, 2016), *report and recommendation adopted*, No. B-15-181, 2016 WL

---

[1] The dismissal of Benavides's Petition will render moot the requests contained in his Memorandum in Support and Motion Requesting Leave to Proceed In Forma Pauperis.

4800879 (S.D. Tex. Sept. 14, 2016). Benavides identifies himself with Prisoner I.D. Number 1910125 in his First and Second Petitions. *See* Dkt. No. 1 at 1-2 and *Benavides v. Davis*, Civil Action No. 1:15-181, Dkt. No. 1 at 1-2. His Second Petition attacks the same conviction as his First Petition. *Id*. United States District Judge Andrew S. Hanen dismissed Benavides's First Petition as untimely; and, alternatively, on the merits, on September 14, 2016. *Benavides v. Davis*, No. B-15-181, 2016 WL 4800879, at *1 (S.D. Tex. Sept. 14, 2016) ("Ernesto Benavides's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is dismissed as untimely filed. Alternatively, this Court denies the Petitioner the relief he seeks on the merits of the § 2254 claims.").

Benavides then moved for a certificate of appealability with the Court of Appeals for the Fifth Circuit. *See Benavides v. Davis*, No. 16-41392, 2017 WL 6804103, at *1 (5th Cir. Aug. 4, 2017). The Court dismissed his request on August 4, 2017. *Id*. at 2. The Supreme Court denied Benavides's petition for writ of certiorari on October 30, 2017. *Benavides v. Davis*, 138 S. Ct. 386, 199 L. Ed. 2d 286 (2017).

Section 2244(b) of Title 28 applies to state prisoners who seek relief pursuant to 28 U.S.C. § 2254. 28 U.S.C.A. § 2244. In relevant part, § 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id*.

In his First Petition, Benavides claimed that: "(1) the police lacked probable cause . . . and coerced him into consenting to a search; (2) the trial court erred by denying the motion to suppress; (3) counsel was ineffective; (4) his guilty plea was involuntary; (5) the deputy prosecuting attorney had [a] conflict of interest." *Benavides v. Davis*, 2016 WL 8671864, at *2. *See also Benavides v. Davis*, Civil Action No. 1:15-181, Dkt. No. 1 at 6-7, 11 (containing Benavides's handwritten allegations). Benavides has not raised these claims in his Second Petition or Memorandum in Support. *See generally* Dkt. No. 1 and Dkt. No. 2.[2] Instead, he asserts that his counsel was ineffective for failing to appeal the denial of his motion to suppress. Dkt No. 1 at 6-7; Dkt. No. 2 at 2. Benavides did not raise this claim in his First Petition. *Benavides v. Davis*, Civil Action No. 1:15-181, Dkt. No. 1 at 6-7, 11; *Benavides v. Davis*, 2016 WL 8671864, at *2. As such, he may only proceed if he meets the

---

[2] Had he attempted to raise these claims in his Second Petition, they would be subject to dismissal. *See* 28 U.S.C.A. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

requirements of § 2244(b)(2)(A) or (B). *See* 28 U.S.C.A. § 2244(b)(2) (noting that, unless the requirements of § 2244(b)(2)(A) or (B) are met, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed[.]").

Still, even if he is able to meet the requirements of § 2244(b)(2)(A) or (B), he may not proceed here at this juncture. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). *See also Taylor v. Davis*, No. 4:17-CV-220-O, 2018 WL 5026280, at *2 (N.D. Tex. Oct. 17, 2018) (citing 28 U.S.C. § 2244(b)(3)(A) and *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)) (same). Benavides has not alleged or demonstrated that he has received authorization from the Fifth Circuit to file his Second Petition in this Court. *See generally* Dkt. No. 1 and Dkt. No. 2.

> Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

*Taylor v. Davis*, 2018 WL 5026280, at *2.

Benavides has not alleged or shown that he can meet the requirements of § 2244(b)(2)(A) or (B). *See generally* Dkt. No. 1 and Dkt. No. 2. Accordingly, as transfer would be inefficient, it is recommended that Benavides's Second Petition be

dismissed without prejudice to his right to refile in the future, provided he first receives authorization from the Fifth Circuit.

## II. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Benavides has not made a substantial showing of the denial of a constitutional right.

## III. Recommendation

It is recommended that the Court **DISMISS** Benavides's Petition (Dkt. No. 1) without prejudice as a successive petition. The dismissal of Benavides's Petition will render moot the requests contained in his Memorandum in Support and Motion Requesting Leave to Proceed In Forma Pauperis. It is additionally recommended that the Court decline to issue a certificate of appealability.

## IV. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 13th day of January, 2019.

Ignacio Torteya, III
United States Magistrate Judge